ELECTRONIC CITATION: 14 FED App.0005P (6th Cir.)
File Name: 14b0005p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re: ANDREA M. CAIN, )
                                      )   No. 13-8045
      Debtor.                  )
_____ )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland
No. 08-15140

Submitted: May 13, 2014

Decided and Filed: July 14, 2014

Before: HARRISON, HUMPHREY and PRESTON, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ON BRIEF:** Charles J. Van Ness, Mayfield Heights, Ohio, for Appellant.

---

## OPINION

---

**MARIAN F. HARRISON**, Bankruptcy Appellate Panel Judge.

Debtor Andrea M. Cain (the "Debtor") appeals the August 9, 2013 order of the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") denying the Debtor's unopposed Motion to Avoid the Mortgage Lien of Amerifirst Home Improvement Financial Company ("Amerifirst"). For the reasons that follow, the Panel REVERSES the Bankruptcy Court's denial of the Debtor's Motion to Avoid the Mortgage Lien of Amerifirst.

## I. ISSUES ON APPEAL

The Debtor raises two issues in this appeal. The central and determinative issue is whether a debtor may strip off a wholly unsecured, inferior mortgage lien on the debtor's primary residence in a Chapter 13 case filed less than four years after having received a Chapter 7 discharge. The second issue is whether a bankruptcy court is bound by the terms of a confirmed plan.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit Court ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (quotation marks and citations omitted). "[T]he concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." *Millers Cove Energy Co., Inc. v. Moore (In re Millers Cove Energy Co., Inc.)*, 128 F.3d 449, 451 (6th Cir. 1997) (citations omitted). "This finality requirement is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations . . . . In bankruptcy cases, a functional and practical application [of Section 158] is to be the rule." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Connecticut (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (quotation marks and citation omitted). In bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. *Id.* It appears that the Bankruptcy Court's order denying the Debtor's motion to avoid Amerifirst's mortgage lien is a final order because it was entered after the completion of the Debtor's confirmed plan and the closing of her case without a discharge. No other issues remain in the Bankruptcy Court.

2

There are no factual disputes, and the Bankruptcy Court denied the Debtor's motion based on conclusions of law. Conclusions of law are reviewed de novo. *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997). "Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted). "No deference is given to the trial court's conclusions of law." *Id.*

### III. FACTS

The Debtor first filed a Chapter 7 petition and received a discharge on February 1, 2008. On July 3, 2008, the Debtor filed the present Chapter 13 case to pay an outstanding auto loan and tax obligations, to cure the default on her first mortgage, and to avoid a wholly unsecured second mortgage on her residence. The Debtor's Amended Chapter 13 Plan, dated August 21, 2008, was confirmed on September 18, 2008. The confirmed Chapter 13 plan included the following provision:

> Debtors will avoid the mortgage and/or judgment liens of Amerifirst Home Improvement Finance, Squires Construction Company, & Ohio Department of Taxation, which [are] wholly unsecured pursuant to 11 U.S.C. §§ 506(a), 1322(b)(2) & 1325(a)(5)(B), and which wholly impairs Debtors' exemption in their residence home pursuant to 11 U.S.C. § 522(f). Any unsecured claim filed by said creditor(s) shall be disallowed as discharged in Debtors' Chapter 7 Bankruptcy Case No. 08-10687 filed February 1, 2008 unless otherwise allowed by a separate order of the Court.

Because the Debtor had received a Chapter 7 discharge within the preceding four years, the Debtor was not eligible for a discharge in her Chapter 13 case. *See* 11 U.S.C. § 1328(f)(1). Accordingly, upon completion of the Debtor's payments under the plan, the Chapter 13 Trustee filed his Motion for Order Releasing Wages and Closing Case Without a Discharge. The Chapter 13 Trustee's motion was granted on May 6, 2013. On May 17, 2013, the Debtor filed a Motion to

3

Avoid Mortgage Lien on Real Estate against Amerifirst in order to effectuate the provisions of her confirmed Chapter 13 Plan and to avoid Amerifirst's second mortgage lien on her residence. At the time of the Chapter 13 filing, the Debtor's residence was valued at not more than $100,800. The residence was encumbered by Everhome Mortgage Company's first mortgage in the amount of $106,306.38 and by Amerifirst's second mortgage in the amount of $9,415.28.

No party-in-interest objected to the Debtor's Motion to Avoid Mortgage Lien on Real Estate, however, the Bankruptcy Court denied the motion by order, dated August 9, 2013. The Bankruptcy Court held:

> The lien stripping power of 11 U.S.C. § 506 is unavailable to Debtor. She received a Chapter 7 discharge within four years of filing this case and is therefore ineligible for a Chapter 13 discharge. 11 U.S.C. § 1328(f)(1). Pursuant to § 1325(a)(5), the lien stays in place until discharge or payment of the underlying debt. Because the Debtor is ineligible for a discharge, the mortgage lien will stay in place until payment of the underlying debt.

## IV. DISCUSSION

The determinative issue in this appeal concerns the interplay between various provisions of the Bankruptcy Code affecting "Chapter 20" debtors.[1] Specifically, the issue is whether a debtor may strip off a wholly unsecured, inferior mortgage lien on the debtor's primary residence in a Chapter 13 case filed less than four years after having received a Chapter 7 discharge.

This question has not been addressed by the Sixth Circuit. Two Circuit Courts and one Bankruptcy Appellate Panel have considered it, finding that a valueless lien can be stripped, regardless of discharge eligibility. *Wells Fargo Bank, N.A. v. Scantling (In re Scantling)*, ___ F.3d ___, 2014 WL 2750349, at *5 (11th Cir. June 18, 2014); *Branigan v. Davis (In re Davis)*, 716 F.3d

---

[1] The Debtor in this case is known colloquially as a "Chapter 20" debtor, having filed a Chapter 7 case and, shortly thereafter, a Chapter 13 case. There is no "Chapter 20" in the Bankruptcy Code.

4

331 (4th Cir. 2013); *Fisette v. Keller (In re Fisette)*, 455 B.R. 177, 185 (B.A.P. 8th Cir. 2011). Bankruptcy courts, however, are split on the question and on their approach.

### A. Lien Stripping in Chapter 13 Cases

Under 11 U.S.C. § 1322(b)(2) a debtor may not modify the rights of "holders of secured claims" who hold a security interest in real property that is the debtor's principal residence. In *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106 (1993), the United States Supreme Court considered whether a debtor could bifurcate a partially secured claim on the debtor's principal residence. The *Nobelman* Court first determined the proper classification of a claim as "secured" or "unsecured." *Id.* at 328. Finding that a claim should be classified as "secured" if any portion of the claim is secured regardless of whether the amount of the claim exceeds the value of the security interest in the debtor's principal residence, the *Nobelman* Court held that the creditor's rights were fully protected under the anti-modification clause in 11 U.S.C. § 1322(b)(2). *Id.*

In *Lane v. W. Interstate Bancrop (In re Lane)*, 280 F.3d 663 (6th Cir. 2002), the Sixth Circuit addressed "whether the implications of *Nobelman* would bar modification of the rights of a creditor who, although the holder of a lien on the Chapter 13 debtor's homestead, has solely an 'unsecured claim' under § 506(a)." *Id.* at 664. Like the Court in *Nobelman*, the *Lane* Court began its analysis by determining the proper classification of the claim as "secured" or "unsecured." *Id.* at 669. Because the second mortgage on the debtor's principal residence in *Lane* had no value at all due to the amount of prior liens having exceeded the value of the property, the Court determined that the claimant held an unsecured claim under 11 U.S.C. § 506(a), and therefore, 11 U.S.C. § 1322(b)(2) did not prohibit the stripping off of the lien. *Id.*

5

## B. Lien Stripping in Chapter 20 Cases

### 1. Ineligibility to Receive a Discharge in a Chapter 20 Case

Pursuant to 11 U.S.C. § 1328(f), a debtor who received a discharge in a Chapter 7, 11, or 12 case filed within four years of the debtor filing a subsequent Chapter 13 petition is ineligible to receive a discharge in the subsequent Chapter 13 case. A plain reading of 11 U.S.C. § 1328(f) only prevents a discharge. It does not prevent an otherwise eligible debtor from seeking and receiving Chapter 13 relief. *In re McGhee*, 342 B.R. 256, 258 (Bankr. W.D. Ky. 2006) (citation omitted). This reading is consistent with 11 U.S.C. § 109, which does not preclude Chapter 13 relief to a debtor that has recently received a discharge in Chapter 7 and is ineligible for a discharge in Chapter 13. *In re Tran*, 431 B.R. 230, 235 (Bankr. N.D. Cal. 2010) (citation omitted). Moreover, in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150 (1991), the Supreme Court confirmed that Chapter 20 filings are not precluded merely because they are serial in nature. *Id.* at 87. The question presented in this appeal is whether the ability of a Chapter 13 debtor to strip off valueless liens is linked to a debtor's eligibility for discharge.

### 2. Split of Authority as to Lien Stripping in Chapter 20 Cases and the Three Approaches Taken by Bankruptcy Courts

There is a split of authority on this issue which has produced three approaches. *In re Jennings*, 454 B.R. 252, 256-57 (Bankr. N.D. Ga. 2011) (explaining the three approaches). As stated earlier, only two circuit courts have addressed the issue, both adopting the third approach discussed below. *In re Scantling*, 2014 WL 2750349; *In re Davis*, 716 F.3d 331. The Sixth Circuit Court of Appeals has not addressed the issue.

Courts utilizing the first approach refuse to allow stripping off wholly unsecured liens in Chapter 20 cases because doing so would amount to a "de facto discharge." *Lindskog v. M & I Bank*, 480 B.R. 916, 919 (E.D. Wis. 2012). These courts rely on an interpretation of *Dewsnup v. Timm*,

6

502 U.S. 410, 417, 112 S. Ct. 773, 778 (1992) (holding that Section 506(d) does not allow a party to "strip down" a partially secured lien), and on Congress' inclusion of a discharge requirement in 11 U.S.C. § 1325(a)(5)(B)(i)(II). *See, e.g., In re Gerardin*, 447 B.R. 342, 352 (Bankr. S.D. Fla. 2011) ("[D]ebtor who is ineligible for a chapter 13 discharge may not strip down or strip off a lien.") *abrogated by In re Scantling*, 2014 WL 2750349; *In re Fenn*, 428 B.R. 494, 500 (Bankr. N.D. Ill. 2010) (allowing permanent strip off of junior mortgage lien after Chapter 20 debtor completes plan "results in a de facto discharge") (citation omitted); *Orkwis v. MERS (In re Orkwis)*, 457 B.R. 243, 252 (Bankr. E.D.N.Y. 2011) (holding that junior lien is not removed until entry of discharge); *In re Winitzky*, No. 1:08-bk-19337-MT, 2009 WL 9139891, at *5 (Bankr. C.D. Cal. May 7, 2009) (holding that Code does not allow court to strip lien where debtor cannot receive a discharge).

Those courts adopting the second approach allow Chapter 20 lien stripping but hold that the parties' pre-bankruptcy rights are reinstated by operation of law after the plan has been consummated. *See, e.g., Victorio v. Billingslea*, 470 B.R. 545, 556 (S.D. Cal. 2012) (finding that a Chapter 20 debtor must pay debt in full during course of Chapter 13 plan to permanently avoid liability on wholly unsecured lien); *In re Jarvis*, 390 B.R. 600, 605-06 (Bankr. C.D. Ill. 2008) (holding that discharge is a necessary prerequisite to permanency of lien avoidance); *In re Lilly*, 378 B.R. 232, 236 (Bankr. C.D. Ill. 2007) (citation omitted) ("Where a debtor does not receive a discharge . . . any modifications to a creditor's rights imposed in the plan are not permanent and have no binding effect once the term of the plan ends."); *In re Trujillo*, No. 6:10-bk-02615-ABB, 2010 WL 4669095, at *2 (Bankr. M.D. Fla. Nov. 10, 2010) (same), *aff'd sub nom. Trujillo v. BAC Home Loan Servicing, L.P. (In re Trujillo)*, 2012 WL 8883694 (M.D. Fla. Aug. 10, 2012), *abrogated by In re Scantling*, 2014 WL 2750349.

Courts applying the third approach "allow chapter 20 lien stripping because nothing in the Bankruptcy Code prevents it." *In re Jennings*, 454 B.R. at 257 (citations omitted). These courts contend that the mechanism that voids the lien is plan completion, and that Chapter 20 cases end in administrative closing rather than dismissal. *See, e.g., In re Scantling*, 2014 WL 2750349, at *5 (strip off of unsecured mortgage on debtor's principal residence "is accomplished through the

7

§ 506(a) valuation procedure that determines that the creditor does not hold a secured claim"); *In re Davis*, 716 F.3d at 338 (holding that Chapter 20 debtor can strip a worthless lien permanently upon completion of plan); *Zeman v. Waterman (In re Waterman)*, 469 B.R. 334, 339 (D. Colo. 2012) ("Chapter 20 debtor may strip off a wholly unsecured lien from his principal residence, despite being ineligible for a discharge."); *In re Fair*, 450 B.R. 853, 858 (E.D. Wis. 2011) (citations omitted) ("[T]here is nothing in the bankruptcy code which ties the modification of an unsecured lien to obtaining a discharge under chapter 13."); *In re Fisette*, 455 B.R. at 185 (citations omitted) ("[N]othing in the Bankruptcy Code conditions a Chapter 13 debtor's ability to modify a wholly unsecured creditor's lien under § 1322(b) on his eligibility for a discharge."); *In re Wapshare*, 492 B.R. 211, 217-18 (Bankr. S.D.N.Y. 2013) (citations omitted) ("[U]nsecured junior mortgage lien is permanently avoided in chapter 20 cases once a chapter 13 plan is confirmed and all plan payments have been made."); *Wong v. Green Tree Serv., LLC (In re Wong)*, 488 B.R. 537, 551 (Bankr. E.D.N.Y. 2013) (holding that where claim is unsecured under § 506(a), then claim is unsecured with respect to § 1322(b)(2) and § 1325(a)(5)); *In re Dolinak*, 497 B.R. 15, 22-23 (Bankr. D.N.H. 2013) (citation omitted) ("Section 1328(f)(1) only prevents a chapter 20 debtor from receiving a discharge; it does not limit a chapter 20 debtor's rights under § 1322(b)."); *In re Gloster*, 459 B.R. 200, 205 (Bankr. D.N.J. 2011) (holding that lien stripping allowed in "Chapter 20 setting so long as a subsequent Chapter 13 is filed in good faith and a plan is successfully completed.").

### 3. The Decisions in *Nobelman* and *Lane* Support the Avoidance of Wholly Unsecured Mortgages in Chapter 20 Cases

A growing consensus of courts have followed the third approach, holding that nothing in the Code prevents a Chapter 20 debtor from stripping a wholly unsecured junior lien on the debtor's principal residence. This approach is most consistent with the Sixth Circuit's decision in *In re Lane*, 280 F.3d 663, 669, because it starts by determining the status of the claim under 11 U.S.C. § 506(a).

In the present case, the Bankruptcy Court based its holding on 11 U.S.C. § 1325(a)(5)(B), which requires that the holder of a secured claim retain the lien securing the claim until the mortgage is satisfied or the debtor receives a discharge, whichever comes first. Thus, the Bankruptcy Court

08-15140-jps    Doc 120    FILED 07/14/14    ENTERED 07/14/14 10:43:01    Page 8 of 10

determined that because of the Debtor's ineligibility for a discharge, she must satisfy Amerifirst's lien in full. By failing to first determine the proper classification of Amerifirst's claim, the Bankruptcy Court's decision disregarded the road map set forth in *Nobelman* and *Lane*.

It is undisputed that under 11 U.S.C. § 506 Amerifirst's lien has no value because the amount owed under the first mortgage exceeds the value of the property. Consequently, pursuant to the holding in *Lane*, Amerifirst's claim is "unsecured" under 11 U.S.C. § 506(a). *Id.* at 669. Thus, Amerifirst's lien cannot be treated as a secured claim under 11 U.S.C. § 1322(b)(2) (protecting holders of "secured claims" secured only by a security interest in a debtor's principal residence). *In re Wong*, 488 B.R. at 551. Nor do the requirements of 11 U.S.C. § 1325(a)(5) (protecting the holder of a secured claim until the debt is paid or the debtor is discharged) apply. *Id.*

Applying the reasoning set forth in *Lane* to the facts of this case, the wholly unsecured status of Amerifirst's claim, rather than the Debtor's eligibility for a discharge, is determinative. *See In re Scantling*, 2014 WL 2750349, at *5 ("[S]trip off is accomplished through the § 506(a) valuation procedure that determines that the creditor does not hold a secured claim."). Nothing in 11 U.S.C. § 1328(f)(1) prohibits a Chapter 20 debtor from taking advantage of the protections and benefits (other than discharge) of Chapter 13. *Frazier v. Real Time Resolutions, Inc. (In re Frazier)*, 469 B.R. 889, 899 (E.D. Cal. 2012) (citation omitted). Lien-stripping is an important tool in the Chapter 13 toolbox, and it is not conditioned on being eligible for a discharge. *In re Jennings*, 454 B.R. at 258 (citations omitted). *See also In re Frazier*, 469 B.R. at 895-96 ("[W]holly unsecured junior lien on the debtor's principal residence may be removed in Chapter 20 action despite the operation of § 1328(f)(1)."). Accordingly, a Chapter 20 debtor may avoid a wholly unsecured lien on the debtor's principal residence.

Based on the above, the Bankruptcy Court erred by denying the Debtor's Motion to Avoid the Mortgage Lien of Amerifirst.

9

## V. CONCLUSION

The Bankruptcy Court's holding that the Debtor could not avoid a wholly unsecured claim on the Debtor's principal residence is REVERSED and REMANDED for the entry of an order consistent with this Opinion.[2]

---

[2]Having determined that the Debtor's motion to avoid lien should have been granted, the Panel declines to address whether the Bankruptcy Court was bound by the Debtor's confirmed plan.

10